**Inderjit Singh LABANA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72674.

Agency No. A75–301–313.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Jan. 15, 2004.

Earle A. Sylva, and George T. Heridis, Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Terri J. Scadron, Efthimia S. Pilitsis, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., for Respondent.

Before CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Inderjit Singh Labana, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal.[1] The IJ's denial was based on an adverse credibility determination. We review adverse credibility determinations under the "substantial evidence" standard. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Where, as here, the BIA incorporates the Immigration Judge's ("IJ") decision, we review the IJ's decision as if it were the opinion of the BIA. *See id.* In order to overturn the IJ's credibility determination, we must find that the evidence compels "a reasonable finder of fact to reach a contrary result." *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir. 1999). Because we find that the IJ's adverse credibility determination was supported by substantial evidence and does not compel a contrary result, we deny Labana's petition for review.

The IJ in this case pointed to specific and cogent flaws in Labana's testimony: (1) Labana's testimony was inconsistent as to the date he was released from his second arrest; (2) Labana's testimony concerning the date he visited a doctor for injuries sustained during his second arrest conflicted with the date his doctor reported seeing him; and (3) Labana's testimony regarding loans his father supposedly took out to finance his escape from India conflicted with his father's statement that

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Labana had also applied for protection under the Convention Against Torture and Other Forms of Cruel, Inhumane or Degrading Treatment or Punishment, G.A. Res 39/46, Annex, 39 U.N. GAOR Supp. No. 51 at 197, during his removal proceedings. He, however, waived this claim on appeal.

those loans were taken out by Labana to establish and/or maintain a dairy farm in India. These inconsistencies go to the heart of Labana's asylum and withholding of removal claims.

Labana did introduce corroborating evidence, but the evidence produced was rife with inconsistency. Letters that Labana introduced from his father in India were dated later than the postmark dates on the envelopes in which Labana claimed to have received the letters. The letter from Labana's doctor in India had its date altered. The IJ also believed that Labana was testifying from a script and warned him not to give scripted answers. Special deference is given to a credibility determination based on an applicant's demeanor. *See Singh–Kaur*, 183 F.3d at 1151.

Substantial evidence in the record therefore supports the IJ's adverse credibility determination. We accordingly deny Labana's petition for review.

**PETITION FOR REVIEW DENIED.**